CHARLES HAPGOOD *versus* HIRAM HILL & al.

The return of the fact on the execution issued upon the judgment, is *prima facie* evidence of a demand for the property upon the attaching officer.

A demand, in whatever words made, which would inform the attaching officer, that the sheriff having the execution desired to obtain from him the property attached, would be sufficient.

ASSUMPSIT upon a receipt given by the defendants to the plaintiff, formerly a deputy sheriff, for property attached on a writ in favor of W. Todd, Jr. against Hill. At the trial, before EMERY J. it was proved that the property was legally attached on the writ by Hapgood ; that the receipt was given to him therefor by the defendants ; that the action was entered and judgment rendered in favor of Todd at the June Term of the C. C. Pleas, 1838 ; that an execution duly issued thereon ; and that it was put into the hands of the then sheriff of the county, who made the following return thereon. " Washington, ss. Dec. 29, 1838. By virtue of this execution, on the ninth of July, 1838, I demanded of Luther Brackett, Esq. late sheriff of said county, in person, and of Charles Hapgood, Esq. late deputy sheriff in said county, the property which I was notified was attached by them on the original writ in this action, and no property having been delivered to me by either of them, and finding none within my precinct to the acceptance of the creditors within named, to satisfy the same, I return this execution in no part satisfied.     G. W. McLellan, Sheriff."

July 9, 1838, was within thirty days of the day on which the judgment was rendered.

Upon this evidence the defendants requested the Judge to order a nonsuit, contending, as the exceptions state, that the action could not be maintained, as there was no evidence that the defendants were notified of the judgment in favor of the plaintiff in that suit ; and that the return on the execution does not furnish evidence, that the property attached and receipted for was legally demanded.

The Judge declined to order a nonsuit, and directed the jury to return a verdict for the plaintiffs. The defendants ex-

cepted to the omission of the Judge to order a nonsuit, and to his direction to the jury.

*J. Granger*, argued for the defendants.

1. The sheriff's return in this case is not legal evidence of what it states. It is evidence only when a return is required by law. It would be productive of great mischief to allow it. The law does not require this, and it was no part of the duty of the officer to make it. The fact of a demand is a matter *en pais*, and may be proved by witnesses. The sheriff was a competent witness. *Bradbury* v. *Taylor*, 8 Greenl. 130.

2. The return does not set forth enough to show, that a sufficient and legal demand was made. It does not show, that the same property which was attached on the original writ was demanded of the officer making the attachment. He does not state what property was demanded, or that it was the same property attached on the writ, but merely says it was the property which he was *notified*, or told, was attached.

*Fuller*, for the plaintiff.

Hill, one of the present defendants, was the defendant in the other action. The action is a joint one against the three; and if notice is necessary, notice to one is sufficient. *Bradbury* v. *Taylor*, 8 Greenl. 130; *Holbrook* v. *Holbrook*, 15 Maine R. 9; *Higgins* v. *Kendrick*, 14 Maine R. 85.

The return of the sheriff is legal evidence of the facts therein set forth. *Kendall* v. *White*, 13 Maine R. 245.

The demand of the property fixed the liability of the plaintiff, and he can maintain this suit against the receipters. Story on Bailments, 95.

The officer's return of the demand was sufficiently explicit to charge the plaintiff. The object of notice is, that the officer making the attachment may not return the property to the debtor at the end of thirty days after judgment. The term property includes every thing to which we attach the idea of value. *Sheldon* v. *Root*, 16 Pick. 507. The plaintiff knew that the property demanded was the same attached by him, and that was enough to make him liable.

Wallace *v.* Carlisle.

The opinion of the Court was by

SHEPLEY J. — It was decided in the case of *Kendall* v. *White*, 13 Maine R. 245, that the return of a sheriff on the execution was *prima facie* evidence of a demand for the property upon the attaching officer.   After demand he becomes accountable to the creditor, and is therefore entitled to bring a suit to recover the property from the receipters.   The principal objection however is, that the return of the officer does not shew a demand of the property attached, but only of that, which he was informed had been attached.   It does not appear, that he was not correctly informed, or that the plaintiff made any objection to a delivery because the very property attached was not demanded.   A demand in whatever words, which would inform the plaintiff, that the sheriff having the execution desired to obtain from him the property attached, would be sufficient.   And he could scarcely misunderstand what property was intended even if erroneously described, for the demand as stated in the return of the sheriff referred to the attachment made by him on the writ.   Such a return not excepted to by the officer is regarded as sufficient.

*Exceptions overruled.*